UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL LOSKOT, | No. C-13-00594 DMR |
| Plaintiff(s), | **ORDER TRANSFERRING CASE TO THE EASTERN DISTRICT OF CALIFORNIA** |
| v. | |
| MJK PROPERTIES INC, | |
| Defendant(s). | |

According to Plaintiff's complaint, the incident that forms the basis of his complaint took place in Vallejo, California, in Solano County, and Plaintiff lives in Platina, California, in Shasta County. Based on Plaintiff's allegations, it appears that the proper venue for this case is the Eastern District of California because that is where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).[1]

---

[1] In his Complaint, Plaintiff states that he is filing under 42 U.S.C. § 12101, *et seq.* and alleges that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1391, a case in which jurisdiction is not based solely on diversity of citizenship may be filed only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

1  When a plaintiff files his or her case in the wrong district, the court must either dismiss the
2  case or transfer it to the District Court in the correct district. *See* 28 U.S.C. § 1406(a). On February
3  28, 2013, the court issued an Order to Show Cause why the case should not be transferred to the
4  Eastern District of California and ordered Plaintiff to show legal authority for venue in this district
5  by no later than March 12, 2013. On March 4, 2013, Plaintiff's counsel filed a statement explaining
6  that he had mistakenly filed this action in the Northern District, and that he meant to file the action
7  in the Eastern District of California, Sacramento Division. [Docket No. 6.] Accordingly, this court
8  orders that this action be TRANSFERRED to the Eastern District of California.[2]

10  IT IS SO ORDERED.

12  Dated: March 7, 2013



_____
DONNA M. RYU
United States Magistrate Judge

---

28 U.S.C. § 1391(b).

[2] On March 6, 2013, Plaintiff filed a consent to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636. To the extent that this order may be dispositive, the court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). *See Ornelas v. De Frantz*, No. 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of defendants because defendants had not been served yet and therefore were not parties)).